## Leo P. Mahon *vs.* Director of Public Works for the State of Rhode Island.

OCTOBER 29, 1964.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Powers, J. This is a petition for the assessment of damages brought pursuant to the provisions of G. L. 1956, §37-6-18, by a lessee of property taken by the state of Rhode Island in eminent domain proceedings. It was tried to a superior court justice, sitting without a jury, who entered a decision denying the petitioner's claim. The case is before us on the petitioner's bill of exceptions, the sole exception being to said decision.

The facts are not in dispute. On May 11, 1956, petitioner and Vasa Music Hall Association, Inc., entered into a lease for a term of five years, commencing May 1 and terminating April 30, 1961. The premises in question were located at the northwesterly corner of Park and Wellington avenues, more specifically designated as 637 Park avenue in the city of Cranston.

The lease provided for an annual rental of $840, payable in equal monthly sums of $70 at the end of each month, the lessee being credited with $1 monthly for services.

It also contained the following option to renew for an additional five years:

> "Said Lessor furthers [sic] covenants with the said Lessee that if the said Lessee shall desire to lease the said premises for the term of five years from the expiration of the term hereby granted, and shall give notice of such desire in writing sixty days prior to the expiration of the term of this lease, and shall observe and perform all the provisions of this lease by the said Lessee to be observed and performed; the said Lessor agrees to execute a further lease of the said premises for the term of five years, upon the terms and conditions herein set forth, except that the rent payable during such renewal shall be such amount as the Lessor shall demand, and in the event that the Lessee is unwilling to pay the rent demanded by the Lessor, this option for renewal shall be void."

On January 9, 1961, well in excess of the sixty days required by the lease, petitioner gave written notice to the lessor of his intention to renew the lease for an additional five years. On April 6, 1961, however, the lessor, apparently anticipating condemnation by the state, determined to advise its attorney that the lease would not be renewed, but that petitioner would be permitted to remain as a month-to-month tenant. No notice of this decision was ever given to petitioner.

On May 19, 1961, attorney for lessor wrote to lessee's attorney acknowledging receipt of the January 9, 1961

written intention to renew and asking that lessee's attorney communicate with him for the purpose of discussing such renewal.

It further appears that on May 26, 1961, attorney for lessee wrote to lessor's attorney, acknowledged receipt of the May 19, 1961 letter and, explaining that he was presently engaged in trial, requested written explanation of that which was to be discussed. On June 1, 1961, petitioner forwarded his check in payment of the rent due for the month of May.

The following day counsel for lessor wrote to counsel for lessee informing him that the subject matter of the proposed discussion was the amount of rent to be fixed in the new lease. It does not appear that any further discussion was had between the parties, but lessee continued to make monthly payments totaling $70, which were accepted by lessor. The last such payment appears to have been made on December 12, 1961.

The record further discloses that on December 13, 1961 the state of Rhode Island authorized the then director of public works to acquire the premises in question by eminent domain and on December 21, 1961, he filed in the office of the city clerk of the city of Cranston a description of said real estate, a plat thereof, together with a statement that the real estate therein described was taken pursuant to the provisions of G. L. 1956, chap. 6 of title 37 and chap. 10 of title 24.

At the hearing in the superior court, uncontradicted expert testimony was given on behalf of petitioner that the market value of the rented premises was $85 per month. The petitioner's claim for damages is founded on the $15 monthly differential and his contention that, in the circumstances here present, his tenancy had been renewed for the five years specified in the option.

The trial justice held that the option to renew was void for uncertainty and indefiniteness, relying on *Vartabedian*

v. *Peerless Wrench Co.,* 46 R. I. 472. There this court held that where the option to renew contained neither an agreed rental for the new term, nor a method to determine such rent if the parties could not agree, an option to renew was unenforceable.

Neither an agreed rental nor a means for fixing the same is contained within the instant option and the trial justice applied the applicable rule.

He further held that at the expiration of a term for years, the landlord could properly treat the holdover tenant as either a trespasser or a tenant from month to month or from year to year, but was obligated to notify the tenant of his status within a reasonable time, citing *Rose* v. *Congdon,* 72 R. I. 21, and that if nothing is said and the landlord continued to accept rent, the tenancy is from year to year, citing *Providence County Savings Bank* v. *Hall,* 16 R. I. 154. Again referring to *Rose* v. *Congdon, supra,* the trial justice also noted that whether the landlord has elected to treat the tenant as holding less than a year-to-year tenancy is, in each case, a question of fact to be determined from all the circumstances.

It was his conclusion, therefore, that the option to renew had not been effectuated but that petitioner held over as a tenant from month to month in the instant circumstances and made out no claim for damages.

The petitioner contends that the trial justice misconceived the significance of the circumstances and erred in deciding that there had not been a valid renewal for a five-year term.

The particular circumstances on which he relies are that he seasonably advised the lessor of his desire to renew; that the lessor gave no indication, prior to the termination of the lease, that there was to be an increase in the rent; and that before any communication was received from the lessor, petitioner had commenced a new term, for the first month of which the lessor accepted the rent payable under

the original lease. In such circumstances, petitioner argues, the lessor would be estopped from denying the existence of a new term for five years, citing *Cowell* v. *Snyder,* 15 Cal. App. 634.

There the lessors had seasonably notified the tenants under a year's lease that if they continued to hold over at the expiration of the term, they would do so at an increased rental. The lessees refused to consider any increase, but remained in possession, paying rent in accordance with the original agreement, which payments the lessors accepted. The court simply held that, having failed to evict or treat the lessees as trespassers at the expiration of the original term and, accepting rent while the lessees held over, the lessors had obligated themselves to lessees as tenants from year to year.

It is significant that the period during which the lessees held over was for two years and the decision arose out of an action brought by the lessors to recover from the former lessees what they considered to be due for the two years in question. Thus, the court adhered to the principle that at the expiration of the lease for one year, the lessors could have treated the lessees as trespassers, evicted them, and recovered the fair market value for the period held over. Instead, the court found, that the lessors, by their conduct, had elected to treat the lessees as tenants from year to year.

This was not however, as petitioner here contends, a holding that the lessor had elected to renew the original lease.

Nor is there any merit in petitioner's contention that the instant case falls within the rule set forth in *Donnelly Realty Co.* v. *Langevin,* 78 R. I. 333. There the lessor seasonably notified the lessee to quit the premises at the termination of a five-year lease. The lessee held over, however, and the lessor commenced ejectment proceedings in the district court. Thereafter, and while such proceedings were pending, the lessor accepted rent and this court held that the

proceedings had been voided, entitling the lessee to a new notice. The case in nowise supports the instant petitioner's position.

The petitioner makes several other contentions which, however, after careful consideration, we find to be so lacking in merit as not to require discussion.

We hold, therefore, that the trial justice did not err in deciding that there had been no renewal of the lease and that petitioner held over as a tenant from month to month. In concluding that petitioner so held over rather than as a tenant from year to year, the trial justice distinguished the circumstances in the instant case from those in *Rose* v. *Congdon, supra,* where the finding was otherwise.

He noted that within the first month petitioner held over and before any rent was due, the lessor advised him in writing that discussion of any renewal was in order. The trial justice further observed that, although counsel for petitioner responded by asking for information as to the nature of any such discussion, petitioner must certainly have known that the subject of the discussion would be that of rent. However, the trial justice also found that, with reasonable promptness, the lessor replied and specifically advised petitioner that the discussion would be concerned with the rent and thereafter waited on the petitioner.

The trial justice was entitled to draw reasonable inferences from the evidence before him and, in our judgment, the inferences he drew are consistent with the facts as he found them. In such a case, his findings, being not clearly wrong, will not be disturbed by this court. *Rose* v. *Congdon, supra.*

The petitioner's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *William F. Fidalgo,* Special Counsel, for respondent.